# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: QUEYROUZE, ET AL. | CIVIL ACTION |
| | NO. 14-2715 |
| | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Continental Casualty Company, Randall Alfred, and Alfred, APLC's (collectively "Defendants") motion for reconsideration.[1] Steve Queyrouze, Plan Trustee for the Forty Acre Corporation Plan Trust (the "Trust"), opposes the motion.[2] The Court has reviewed the briefs,[3] the record,[4] and the applicable law, and now issues this order and reasons.

## DISCUSSION

On November 9, 2017, this Court denied Defendants' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, holding that Defendants failed to carry their initial burden of demonstrating the absence of a genuine issue of material fact for trial.[5] Thus, the Court found Defendants were not entitled to summary judgment that the Trust's negligence claims are perempted under subsection A.

In connection with their motion for summary judgment, Defendants filed a motion to strike two affidavits attached to the Trust's opposition to Defendants' motion for summary judgment.[6] Having denied Defendants' motion for summary judgment, the

---

[1] R. Doc. 30.
[2] R. Doc. 31.
[3] R. Docs. 30-1; 31; 35.
[4] E.D. La. No. 14-2715; Bankr. No. 14-1050.
[5] R. Doc. 29.
[6] Bankr. No. 14-1050, R. Docs. 74-10, 74-11.

1

Court denied Defendants' motion to strike as moot.[7]

The Court's order denying Defendants' motion is an interlocutory order, as it did not adjudicate all of Plaintiffs' claims. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."[8] Although the district court has broad discretion to reconsider an interlocutory order for any reason it deems sufficient,[9] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[10]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[11] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[12] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the

---

[7] R. Doc. 29.
[8] Fed. R. Civ. P. 54(b).
[9] *See* U.S. v. Renda, 709 F.3d 472, 479 (5th Cir. 2013) (citation and internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")
[10] Castrillo v. Am. Home Mortgage Servicing, Inc., No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[11] *See, e.g., id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id.* (citing Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–16 (4th Cir. 2003)).
[12] Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir.2003) (citations and internal quotation marks omitted).

order].'"¹³ "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"¹⁴ "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."¹⁵

> Under Rule 59(e), a moving party must satisfy at least one of the following criteria:
>
> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
> (2) whether the movant presents new evidence;
> (3) whether the motion is necessary in order to prevent manifest injustice; and
> (4) whether the motion is justified by an intervening change in the controlling law.¹⁶

Defendants urge the first and third options, arguing the Court's order denying their motion for summary judgement is "predicated on manifest errors of law and fact" and that "reconsideration is necessary in order to prevent manifest injustice."¹⁷

In their motion, Defendants raise a host of errors. First, Defendants argue the Court failed to conduct a *de novo* review of the Bankruptcy Court's proposed findings of fact and conclusions of law.¹⁸ Second, Defendants contend the Court "cited to and presumably relied, at least to an extent, upon the [a]ffidavits that were the subject of the [m]otion to [s]trike without ruling upon the [m]otion to [s]trike."¹⁹ Finally, Defendants

---

¹³ *Lacoste v. Pilgrim Int'l,* 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004)).
¹⁴ *Castrillo,* 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
¹⁵ *Lightfoot v. Hartford Fire Ins. Co.,* No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).
¹⁶ *Castrillo,* 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.,* 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.,* 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
¹⁷ R. Doc. 30-1 at 6.
¹⁸ *Id.*
¹⁹ *Id.* at 7.

submit the Court "relied on an outdated Fifth Circuit case," *Gerdes v. Estate of Cush*,[20] in its holding.[21] The Court considers each assertion in turn.

   A. *De novo* review

Defendants contend the Court failed to conduct a de novo review of the Bankruptcy Court's proposed findings of fact and conclusions of law. According to Defendants, "this Court has a duty to evaluate *all arguments* made by the parties *and addressed by the Bankruptcy Court* in connection with [Defendants'] motion for summary judgment."[22] Defendants misunderstand the scope of *de novo* review. Under the *de novo* standard of review, the appellate court acts as if it were considering the question in the first instance, affording no deference to the decisions below.[23] Additionally, to the extent Defendants complain the Court did not consider arguments they raised for the first time in their reply brief before the Bankruptcy Court and in their brief on appeal to this Court, the Court "will not entertain arguments raised for the first time on appeal,"[24] and "will not consider arguments raised for the first time in a reply brief."[25] Finally, the Court "will not raise and discuss legal issues [an appellant] has failed

---

[20] 953 F.2d 201 (5th Cir. 1992).
[21] *Id.*
[22] R. Doc. 30-1 at 7 (emphasis added).
[23] *United States v. Raddatz*, 447 U.S. 667, 690 (1980) (Stewart, J., dissenting) (describing de novo review as an assessment that is "unfettered by any prejudice from the [prior] agency proceeding and free from any claim that the [agency's] determination is supported by substantial evidence."); *United States v. First City Nat'l Bank of Hous.*, 386 U.S. 361, 368 (1967) (holding that "review de novo" means review requiring "an independent determination of the issues."); *see also Doe v. United States*, 821 F.2d 694, 697–98 (D.C. Cir. 1987) (en banc) ("De novo means here, as it ordinarily does, a fresh, independent determination of 'the matter' at stake; the court's inquiry is not limited to or constricted by the administrative record, nor is any deference due the agency's conclusion.").
[24] *Smith v. Womans Hosp.*, 671 F. App'x 884, 887 (5th Cir. 2016); *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").
[25] *Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App'x 398, 399 (5th Cir. 2010); *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived.").

to assert."[26]

The Court reiterates that the only argument raised in Defendants' motion for summary judgment, in its entirety, is that:

> Because peremption is evident from the face of the Complaint and Amended Complaint, the Trustee bears the burden of proving peremption is not applicable. Here, the Trustee's Complaint alleges that Alfred acted improperly in connection with transactions between Forty Acre and C&R, which acts, omissions or errors occurred or were supposed to occur in 2008. Thereafter, Alfred recorded a counter letter in May 2009, and attempted to negotiate C&R's check in August 2009. All of these acts or omissions occurred, however, more than three years before the Trustee filed the instant adversary proceeding on October 2, 2014. Therefore, under the provisions of La. R.S. 9:5605, claims arising out of those transactions are perempted.
>
> Similarly, in his Complaint, the Trustee alleges that Alfred negligently advised Forty Acre to file for Chapter 11 bankruptcy in January 11, 2011, and then failed to file a plan of reorganization within the exclusivity period, or by May 11, 2011, which acts and omissions also occurred more than three years before the Trustee filed the instant adversary proceeding on October 2, 2014.[27]

In their statement of undisputed material facts, Defendants did not include any facts to show the Trust's malpractice claims are based solely on negligence rather than fraud.[28] Instead, Defendants simply listed the dates upon which certain events occurred, which does not establish that subsection A applies. In effect, Defendants argued the Court should assume the Trust's claims are based on negligence, rather than fraud, and that as a result, subsection A applies. The Court found the Trust sufficiently alleged Alfred's conduct amounted to fraud, rendering subsection E, not A, applicable to its claims. Because Defendants based their motion for summary judgment entirely on subsection A, the Court's denial of Defendants' motion for summary judgment was not an error of law, and reconsideration is not appropriate on that basis.

---

[26] *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).
[27] Bankr. No. 14-1050, R. Doc. 60-1 at 11.
[28] Bankr. No. 14-1050, R. Doc. 60-3.

5

B. Motion to Strike

Defendants next argue "it is clear that the Court reviewed the [a]ffidavits and as such, possibly considered the contents therein when making its ruling, as evidenced by the fact that the Order and Reasons cite to the [a]ffidavits."[29] In support of their contention, Defendants point to footnotes 5 and 12 of the Court's order.[30] Footnote 5, states:

> The Court derives the factual background from the Trust's amended complaint, Bankr. No. 14-1050, R. Doc. 42; Defendants' statement of uncontested material facts, Bankr. No. 14-1050, R. Doc. 60-2; and the deposition transcript attached to the Trust's opposition to the motion for summary judgment, Bankr. No. 14-1050, R. Doc. 74-4. The dates upon which Forty Acre's reorganization plan and certain court orders were filed are derived from the Bankruptcy Court's docket, Bankr. No. 14-1050.[31]

Footnote 5 makes no mention of the stricken affidavits. Footnote 12 refers to an October 3, 2013 letter sent from Alfred to the LeBlancs and Forty Acre terminating his representation, again without mention of the affidavits.[32] The only citation in the Court's order that refers to the stricken affidavits is footnote 15, which states "The Trust attached several exhibits to its Opposition to the motion for summary judgment in the Bankruptcy Court, including the affidavits of Queyrouze and Roberts."[33] The Order otherwise makes no mention of the stricken affidavits. The Court did not consider the affidavits. Reconsideration is not appropriate on this basis.

C. *Gerdes v. Estate of Cush*

Finally, Defendants argue the Court's order "contains manifest error of the law in

---

[29] R. Doc. 30-1 at 10.
[30] *Id.* at 10 n.25.
[31] R. Doc. 29 at 1 n.5.
[32] Bankr. No. 14-1050, R. Doc. 74-12. This letter was attached as Exhibit "J" to the Trust's Memorandum in Opposition to the Motion for Summary Judgment.
[33] R. Doc. 29 at 8 & n.15.

6

determining that the timeliness of the breach of fiduciary duty claim is not governed by La. Rev. Stat. 9:5605A."[34] Defendants apparently construe footnote 14, which cites to, *inter alia*, *Gerdes v. Estate of Cush*, as an essential part of the Court's holding. In footnote 14, the Court referenced the fact that, although Defendants *mentioned* the Trust's breach of fiduciary duty claim, they did not seek summary judgment on that claim.[35] Because Defendants did not seek summary judgment on the Trust's breach of fiduciary duty claim, the Court's comments on the applicable statute of limitations as to such a claim is "not essential to the decision and therefore not binding."[36]

Nevertheless, the Court notes that *Gerdes v. Estate of Cush* remains the law of this Circuit. The Fifth Circuit in *Gerdes* held that if a claim involves a lawyer's "self-dealing or a breach of the duty of loyalty," then it is a breach of fiduciary duty claim.[37] "Where the attorney has breached the fiduciary duty to the client . . . the ten year prescriptive period [found in Louisiana Civil Code article 3499] applies."[38] "It is the practice of this Circuit for three-judge panels [and district courts] to abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc."[39] Defendants point to no controlling authority that expressly or implicitly overrules *Gerdes*. Moreover, other district courts in this Circuit continue to cite to *Gerdes*, reaching the same conclusion.[40]

---

[34] R. Doc. 30-1 at 11.
[35] R. Doc. 29 at 8 n.14 ("The Court will not grant summary judgment on a claim for which summary judgment was not requested or supported.").
[36] *Judicial Dictum*, BLACK'S LAW DICTIONARY (10th ed. 2014).
[37] *Gerdes*, 953 F.2d at 204–06.
[38] *Id.* at 204.
[39] *United States v. Kirk*, 528 F.2d 1057, 1063 (5th Cir. 1976); *see also Causeway Med. Suite v. Ieyoub*, 109 F.3d 1096, 1103 (5th Cir. 1997) ("Accordingly, for a panel of this court to overrule a prior decision, we have required a Supreme Court decision that has been fully heard by the Court and establishes a rule of law inconsistent with our own.").
[40] *See Hiern v. Sarpy*, No. 94-835, 1995 WL 640528, at *13 (E.D. La. Oct. 31, 1995); *Newsome v. Mendler*, No. 15-1195, 2015 WL 5012310, at *4 n.1 (E.D. La. Aug. 20, 2015).

Thus, reconsideration is not warranted on this basis.

Accordingly;

## **CONCLUSION**

Defendants' motion for reconsideration is **DENIED**.[41]

**New Orleans, Louisiana, this 28th day of December, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 30.